■ VITO A. RICCI et al., Appellants, v. LOUIS MUSANO, Respondent.— Order, Supreme Court, Bronx County, entered on January 4, 1971, denying motion for summary judgment, affirmed. Respondent shall recover of appellants $50 costs and disbursements of this appeal. The option clause at issue was inserted in ink on October 9, 1968 when the parties met to execute the agreement. The clause follows: "The parties agree that Ricci & Trombello shall have the option for a period of 2 yrs, to purchase by payment in full of the obligation herein, the stock released in this agreement." The option clause was composed by plaintiffs. It referred to their interests in the limited partnership as "stock".

An ambiguity was created by referring to the "obligation herein". An issue of fact is present with reference to the intention of the parties by providing the payment of the "obligation herein" would trigger the repurchase option. Whether it was the intention of the parties to refer to the obligation created in the agreement or to the obligation of $12,000 being settled by the agreement as alleged in the answering affidavits presents a question of fact. The handwritten option at this posture of the case inserted by the appellants presents an ambiguity since it lacks sufficient clarity to permit the conclusion as a matter of law that plaintiffs were entitled to purchase their interests in the limited partnership upon payment of $8,000. Thus, summary judgment is precluded. Concur — McGivern, Markewich and McNally, JJ.; Capozzoli, J. P., and Steuer, J., dissent in the following memorandum by Steuer, J.: The parties, both individually and through the medium of corporations controlled by them, had several transactions together which resulted in the plaintiffs owing some money to defendant. The exact amount was in dispute. In addition, both had interests in a limited partnership known as Town and Country Motor Lodge. On October 9, 1968, they executed an agreement to settle and adjust the defendant's claims against the plaintiffs. The agreement provided: " That the total settlement agreed by and between the parties hereto is the sum of Eight Thousand ($8,000) Dollars, payable as follows:" The interest of each of the plaintiffs in the limited partnership would be reduced by $2,000 and that of the defendant increased by $4,000. The balance of $4,000 was to be paid by any sums to be paid by the partnership on the remaining interests of plaintiffs in the partnership either by way of dividend or return of capital (which payments were assigned to defendant) until the sum of $4,000, with interest at 6% on any unpaid balance, was paid. The agreement contained this further provision: " The parties agree that Ricci & Trombello shall have the option for a period of 2 yrs, to purchase by payment in full of the obligation herein, the stock released in this agreement." On August 25, 1970, plaintiffs gave notice of their desire to exercise this option by payment of $4,000, and asked whether defendant desired a cashier's check or their own certified check. Defendant replied, rejecting the offer on the ground that plaintiffs were required to pay the original indebtedness, not the unpaid amount of the settlement. Plaintiffs thereupon brought this action for specific performance and for damages. The motion is for summary judgment. While the notice of motion asks for damages in addition to specific performance, the application for this relief has not been pursued and the matter has been treated solely as one for the equitable relief. The contention of the defendant is that the quoted provision provided for the payment of whatever may have been owing on defendant's original obligation before the settlement. Special Term and a majority of this court find an ambiguity. I fail to see any. Primarily, the agreement was for the purpose of fixing the amount of the indebtedness and providing for its payment. The agreement specifically finds it to be $8,000. Moreover, the option to repurchase clause deals specifically with this point. The amount to be tendered is the balance owing to make up "payment in full of the obligation herein". This can only be the obligation fixed in the instrument. The respondent's contention, absurd in the circumstances, is that the settlement arrived at was completely to be obviated in the event plaintiffs were to seek to exercise the option and the parties were to resort to litigating the claims they had settled. To find an ambiguity it is first necessary to torture the language and then to find that the parties acted in a completely illogical manner. The order should be reversed and summary judgment granted for specific performance as demanded in the complaint.